IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DEBORAH KAY JACKSON,

    Plaintiff,

v.                                  No. 05-2389 B

OVERTON PARK HEALTH CARE CENTER,

    Defendant.

---

## ORDER OF DISMISSAL

---

    Plaintiff, Deborah Kay Jackson, brought this action pro se against the Defendant, Overton Park Health Care Center ("Overton Park"), alleging discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. Before the Court is the motion of the Defendant to dismiss, or in the alternative, for a more definite statement pursuant to Rule 12 of the Federal Rules of Civil Procedure filed on October 13, 2005. On November 29, 2005, upon the failure of the Plaintiff to respond to the motion to dismiss or to otherwise prosecute this case, the Court entered an order directing the Plaintiff to, within eleven (11) days of the entry of the order, show cause why this action should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. According to the court's docket, the Plaintiff has filed no response to the show cause order.

    Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-28-05

opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that its failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined above, the Plaintiff has failed to respond to the Defendants' motion to dismiss or to make any effort whatsoever to respond to the order of the Court or to move this case forward. Clearly, the necessity of monitoring a case that the Plaintiff has

2

dilatorily permitted to languish works some hardship on the defendant. In addition, the Plaintiff was cautioned in no uncertain terms in the court's show cause order the ramifications of any failure to respond thereto. Finally, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to prosecute this matter.

Based on the foregoing, the Plaintiff's lawsuit is hereby DISMISSED.

IT IS SO ORDERED this 28th day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 18 in case 2:05-CV-02389 was distributed by fax, mail, or direct printing on December 28, 2005 to the parties listed.

---

Deborah Kay Jackson
1658 Michigan St.
Memphis, TN 38106

Lawrence S. Eastwood
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Nashville
211 Commerce St.
Ste. 1000
Nashville, TN 37201

Emily H. Plotkin
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Nashville
211 Commerce St.
Ste. 1000
Nashville, TN 37201

Honorable J. Breen
US DISTRICT COURT